BLANCHE, Judge,
dissenting.
Question:
“* * * When an innocent bystander is bitten by a dog, who shall bear the damages so caused? The bystander passing on the street, who did not provoke the attack? Or the owner of the dog, who created the risk by letting the dog go loose?”
Answer: The dog owner. Holland v. Buckley, 305 So.2d 113, 114 (La.1974).
Our case is not like the Buckley case. Young Steven was not an innocent bystander. He was permitted by his mother to play with the dog in the fenced-in yard. The dog was not running loose but was in a yard where he was supposed to be. The owner did not create the risk when he asked his daughter to go and feed his dog. It was the mother who created the risk when she permitted her son to play with the dog in the dog yard. It accords with more reason to find that young Steven’s mother, under these circumstances, assumed a risk of the dog’s first bite. If neither the mother nor the owner knew the dog had such vicious propensities, the blame ought to be placed on the one who created the risk by exposing the child to the dog. In this case, it was the mother.
I further dissent on the grounds that the amount of the award is grossly excessive. Young Steven was offered in evidence and viewed by this Court, and the minimal nature of the scarring makes such an award an injustice. There is no permanent disability as a result of this unfortunate incident. There is no evidence to support an award for psychological damages. The testimony of the plastic surgeon indicates that he was of the opinion that after scar revision they would not be very visible at all and would be very fine scars. Resort to quantum in other cases is an exercise in futility because it is inconceivable that this young boy was damaged to the extent found by the trial judge. The evidence surrounding his injury is no more than this. He was severely bitten about the face in a savage attack by a large dog. It was a frightening experience. There were no permanent injuries, and the scarring at the time this Court viewed the child was minimal. By the wildest stretch of the imagination, the upper limits of the trial judge’s discretion could not be more than $15,000.